UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONALD E. MITCHELL, JR.,<br><br>    Plaintiff(s),<br><br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendant(s). | Case No.: 2:16-cv-00037-RFB-NJK<br><br>**Orders**<br><br>**Report and Recommendation**<br><br>[Docket Nos. 98, 100, 101, 105] |

Pending before the Court are various motions related to enforcement of the parties' settlement agreement. Docket Nos. 98, 100, 101, and 105.[1] These motions have been briefed. The Court finds the motions properly decided without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **GRANTS** the motion to extend time (Docket No. 100) and **DENIES** the motion to strike (Docket No. 105). The undersigned further **RECOMMENDS** that that Defendants' motion to enforce the settlement be **GRANTED** (Docket No. 98) and that Plaintiff's motion to enforce the settlement be **DENIED** (Docket No. 101).

## I.     PROCEDURAL MOTIONS

The first motion before the Court is Plaintiff's motion to extend time to file his own motion to enforce settlement. Docket No. 100. Plaintiff subsequently filed that motion to enforce settlement. Docket No. 101. The motion to extend time will be granted.

---

[1] The Court construes Plaintiff's filings liberally. *E.g.*, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

1

The next motion before the Court is Plaintiff's motion to strike. Docket No. 105. That motion to strike is predicated on the argument that Defendants were not permitted to file a response to Plaintiff's motion to enforce settlement. *See* Docket No. 105 at 4. There is nothing improper about Defendants responding to Plaintiff's motion to enforce settlement. *See* Local Rule 7-2(b). At any rate, the dispute can be resolved without considering the response at issue given the other filings and the record. Accordingly, the motion to strike will be denied.

## II. MOTIONS TO ENFORCE SETTLEMENT

Having resolved the procedural motions, the undersigned turns to the parties' competing motions to enforce settlement. Docket Nos. 98, 101. Federal courts have inherent authority to enforce settlement agreements in pending cases. *See, e.g., in re City Equities Anaheim, Ltd.*, 22 F.3d 954, 958 (9th Cir. 1994). When parties engage in a settlement conference with the Court and then place the essential terms of a settlement on the record, that constitutes a binding, enforceable agreement. *See, e.g., Doi v. Halekulani Corp.*, 276 F.3d 1131, 1137-38 (9th Cir. 2002).

The instant dispute is a straightforward one. The parties agree that they settled this case for a particular sum of money subject to use of those funds to pay Plaintiff's outstanding child-support obligations. The parties disagree as to whether their settlement limited this child-support offset to the $770 outstanding child support obligation expressly identified by Defendants at the settlement conference or whether this child-support offset extended to any and all outstanding child support obligations. *Compare* Docket No. 98 at 4 *with* Docket No. 99 at 2-3.[2] The record is clear that the parties agreed to a child-support offset without limitation. Defense counsel stated on the record that: "these proceeds will first be applied to <u>any outstanding child support judgment</u>

---

[2] Plaintiff's papers also raise some ancillary matters. For example, Plaintiff appears to request that the Court allow him to revoke this term of the settlement agreement because he may not have been legally required to pay child support now even though he agreed to do so. *See* Docket No. 99 at 4. The undersigned rejects this contention since, as noted above, a settlement agreement is binding when its essential terms are placed on the record following a settlement agreement. *E.g., Doi*, 276 F.3d at 1137-38. Regardless of whether Plaintiff is legally required to pay outstanding child support at this time, he agreed to do so in a binding and enforceable agreement.

Plaintiff also appears to challenge the validity of the child support judgments entered in state court. *See* Docket No. 101 at 5-6. That is not an issue properly before this Court.

and that then <u>any remaining</u> funds will be placed in Mr. Mitchell's trust 2 account." Hearing Rec. (10/10/2018) at 11:43-11:44 a.m. (emphasis added).[3]  Plaintiff then confirmed that Defense counsel's recitation of the essential terms of the settlement were correct. *Id.* at 11:44 a.m. ("The Court: Mr. Mitchell, is that your understanding of the essential terms of the settlement agreement? Plaintiff: Yes, your honor.")  In short, the record reflects that the parties agreed that the settlement money would be applied to "any" outstanding child support judgment and, further, that funds would be applied to Plaintiff's trust 2 account if "any" remained thereafter.[4]

Accordingly, the undersigned recommends that Defendants' motion to enforce the settlement be granted and that Plaintiff's motion to enforce the settlement be denied.

### III. CONCLUSION

For the reasons discussed more fully above, the Court **GRANTS** the motion to extend time (Docket No. 100) and **DENIES** the motion to strike (Docket No. 105).  The undersigned further **RECOMMENDS** that that Defendants' motion to enforce the settlement be **GRANTED** (Docket No. 98) and that Plaintiff's motion to enforce the settlement be **DENIED** (Docket No. 101).

IT IS SO ORDERED.

Dated: January 17, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been

---

[3] As neither party has ordered a transcript, the Court cites the recording of the hearing.

[4] The record standing alone suffices to resolve the parties' conflicting recollections as to whether the child support-offset was limited to $770.  The undersigned notes that the finding made herein is also consistent with her recollection of the settlement discussions that were not captured on the record at the hearing.

waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).